UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN L. PEREZ,

           Petitioner,

   -against-

MICHAEL ZENK, Warden, et al.,

           Respondent.

----------------------------------X

<u>NOT FOR PUBLICATION</u>

<u>MEMORANDUM & ORDER</u>

04-CV-5069 (CBA)

AMON, UNITED STATES DISTRICT JUDGE:

## Introduction

<u>Pro se</u> petitioner John Perez brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner principally challenges the method employed by the Bureau of Prisons to calculate the good time credit to which he is entitled. Whereas the Bureau calculates good time credit based upon time actually served, petitioner argues that good time credit should be awarded based on the length of the sentence imposed. Under petitioner's theory, he should be eligible for release twenty-eight days earlier than scheduled. Petitioner also alleges an equal protection violation in that the BOP prospectively awards good time credits for the first 366 days served only for defendants serving a term of imprisonment of thirteen months or less. For the reasons set forth below, petitioner's arguments are rejected and the petition is denied.

## Background

On November 5, 2003, petitioner was sentenced in the United States District Court for the District of Massachusetts to a term of incarceration of forty eight months. He is presently incarcerated at the Metropolitan Detention Center in Brooklyn. Based upon petitioner's forty-eight month sentence and 720 days of jail time accrued before sentencing, the Bureau of Prisons ("BOP") has calculated that his full term of imprisonment should expire on November 14, 2005. In addition, pursuant to the good time credit statute, 18 U.S.C. § 3624(b), the BOP has determined that petitioner should be entitled to 188 days of good time credit against his sentence, absent bad behavior. The BOP's calculation is based upon actual time served, and under that formula, petitioner's projected release date is May 10, 2005.

Petitioner challenges the BOP's method of computation and argues that he should be released twenty eight days earlier. In petitioner's view, § 3624(b) requires the BOP to calculate good time credits based upon the length of the sentence imposed, not time actually served. Petitioner also alleges an equal protection violation in that the BOP prospectively awards good time credits for the first 366 days served only for defendants serving a term of imprisonment of thirteen months or less. Petitioner seeks an order directing respondent to recompute his sentence so that he can receive additional good time credit and

2

have his projected release date changed.[1] Respondent argues that the petition must be dismissed for failure to exhaust administrative remedies and that, in any event, it is without merit.

Discussion

I. Failure to Exhaust Administrative Remedies

Petitioner does not dispute respondent's claim that he has failed to exhaust available administrative remedies. Rather, petitioner argues that the exhaustion requirement, set forth in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (1996), should not apply in this case because: (1) the requirement is unconstitutional, at least as applied to incarcerated inmates, and (2) resort to administrative remedies would be futile in view of the BOP's inflexible position on the method of calculating good time credits. (See Pet. at 3.) Respondent does not address either of these arguments in its opposition to the petition. (See Resp.'s Mem. at 4-5.)

With regard to the constitutionality of the exhaustion requirement, petitioner puts forth no basis at all upon which

---

[1] Respondent suggests that "[i]f the Court were to grant this petition, it should order the Bureau [of Prisons] to correct its prior decision within a fixed period of time, after which, in the case of non-compliance, the Court can grant the writ if habeas corpus and order the reduction in sentence." (Resp.'s Mem. at 3 n.1.)

3

this Court might deem the well-established rule unconstitutional on its face or as applied to him. Accordingly, the Court rejects this challenge.

With regard to the futility argument, petitioner cites authority from a district court outside this circuit for the proposition that the exhaustion requirement set forth at 42 U.S.C. § 1997e(a) does not apply to habeas petitions, filed under 28 U.S.C. § 2241, challenging the fact or duration of confinement, as opposed to the conditions of confinement. See Monahan v. Winn, 276 F.Supp.2d 196, 204 (D. Mass. 2003) (citing 18 U.S.C. § 3626(g)(2) for the proposition that the term "civil action with respect to prison conditions" does not include habeas corpus proceedings challenging the fact or duration of confinement in prison). In the absence of a statutorily-imposed exhaustion requirement, the Monahan court declined to impose a judicially-mandated exhaustion requirement because pursuit of administrative remedies in the case under consideration "clearly would be futile" because "the BOP has announced a clear and inflexible policy" contrary to the position then being advanced by the petitioner. Id. at 205.

The Second Circuit has already indicated that § 1997e(a) should not apply in habeas proceedings brought under § 2241. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) ("[W]e have held, in the context of a § 2254 petition, that

the requirements of the [Prison Litigation Reform] Act do not apply to habeas proceedings . . . . Doubtless the same rule should obtain in § 2241 cases as in § 2254 petitions."). Nonetheless, the Circuit has concluded that "federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief." Id. (citing Guida v. Nelson, 603 F.2d 261, 262 (2d Cir. 1979)). Thus, an exhaustion requirement exists. It simply is not grounded in § 1997e, but rather in the common law. See Zucker v. Menifee, 2004 WL 102779, *4 (S.D.N.Y. Jan. 21, 2004) ("the exhaustion requirement for § 2241 petitions is prudential, not statutory").

The fact that the exhaustion remedy imposed in habeas proceedings is judicially-created is of some significance to petitioner's case. This is because "[t]wo kinds of exhaustion doctrine are currently applied by the courts, and the distinction between them is pivotal. Statutory exhaustion requirements are mandatory, and courts are not free to dispense with them. Common law (or 'judicial') exhaustion doctrine, in contrast, recognizes judicial discretion to employ a broad array of exceptions that allow a plaintiff to bring his case in district court despite his abandonment of the administrative review process." Beharry v. Ashcroft, 329 F.3d 51, 58 (2d Cir. 2003). Among the exceptions commonly recognized is the futility exception pressed by petitioner. See, e.g., Guitard v. U.S. Secretary of Navy, 967

F.2d 737, 741 (2d Cir. 1992) ("Exhaustion of administrative remedies may not be required when . . . administrative appeal would be 'futile' . . . "); Pinto v. Menifee, 2004 WL 3019760, *3 (S.D.N.Y. Dec. 29, 2004) ("Before seeking federal habeas review of an adverse administrative decision--such as a sentence designation by the BOP--a petitioner is required to exhaust all agency remedies, unless an administrative appeal would be futile.").

Although no court in the Second Circuit has determined whether pursuit of administrative appeals concerning the BOP's method of calculating good time credits would be futile in view of the unwaivering policy in effect, some district courts outside this circuit have declined to read a futility exception into the exhaustion requirement simply because a petitioner believes that his appeal will be denied. See, e.g., Molina v. Wendt, 2004 WL 1490029, *2 (N.D.Tex. July 1, 2004) ("Although Petitioner states that he challenges the good time credit regulation itself and that the BOP is not likely to overturn existing regulations, the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile."); Sanchez v. Wendt, 2003 WL 22327877, *3 (N.D.Tex. Oct. 8, 2003) ("This court is unwilling to create a wholesale exception to the exhaustion doctrine that would allow federal prisoners to circumvent the administrative appeal process and seek federal habeas review of

sentence credit issues without at least first attempting to exhaust available administrative remedies."). In this case, in view of petitioner's impending release and the lack of time available to him to turn anew to additional administrative appeals, he might have a viable plea for waiver of the exhaustion requirement under the irreparable injury principle. See Guitard, 967 F.2d at 741 ("Exhaustion of administrative remedies may not be required when . . .irreparable injury may occur without immediate judicial relief . . . "). However, the Court need not address the availability of the irreparable injury exception, which was neither raised nor briefed by the parties, as the substantive arguments raised in petitioner's application are without merit in any event and the petition must be denied.

II. The BOP's Interpretation of 18 U.S.C. § 3624(b)

Several courts in this circuit have considered the precise challenge petitioner now brings to the BOP's interpretation of the good time credit statute. Without exception, these courts have upheld the method employed by the BOP as a reasonable interpretation of an ambiguous statute. See Tash v. Zenk, 2005 WL 503938, at * 4 (E.D.N.Y. Feb. 14, 2005); Sash v. Zenk, 344 F.Supp.2d 376, 383 (E.D.N.Y. 2004); Loeffler v. Bureau of Prisons, 2004 WL 2417805, at *6 (S.D.N.Y. Oct. 29, 2004); see also Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir.

7

2001). This Court is in full agreement with the analyses and conclusions of those decisions. Accordingly, the Court upholds the BOP's method of computing good time credit and rejects petitioner's challenge. See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 843 (1984) (if a statute is silent or ambiguous with respect to the precise question at issue in an agency's construction of a statute which it administers, "the question for the court is whether the agency's answer is based on a permissible construction of the statute").

III. Equal Protection Claim

Petitioner's equal protection claim, raised in connection with a different aspect of the BOP's method of calculating good time credits, is also unavailing. In this claim, petitioner appears to be challenging the fact that prisoners sentenced to a term of 366 days or thirteen months earn good time credit on the initial 365 days served without actually serving the full 365 days. (See Pet. at 5.) Presumably, the rationale behind this policy is that a prisoner entitled to good time credits earned during a sentence of 366 days would be unable to benefit from the credits earned if he had to wait until he had actually served at least 365 days to receive them. Petitioner does not explain how he is in anyway injured by the policy of prospectively awarding good time credits to those prisoners, even if the BOP policy were

8

a violation of the good time credit statute, which it is not. See 18 U.S.C. § 3624(b)(1) (authorizing the BOP to award good time credit only to prisoners serving a term of imprisonment of more than one year and less than life). To the extent that petitioner suggests he is being deprived of good time credits for time served in his first year of imprisonment, he appears to be factually mistaken.[2]

In any event, petitioner has failed to make out an equal protection violation in connection with the BOP policy. "It is by now well-established that the constitutional guarantee of equal protection does not forbid all classifications, but rather 'keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike.'" Nicholas v. Tucker, 114 F.3d 17, 20 (2d Cir. 1997) (quoting Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)). Accordingly, courts "will uphold a law that neither burdens a fundamental right nor targets a suspect class so long as the legislative classification bears a rational relation to some independent and legitimate legislative

---

[2] Given that petitioner accrued 720 days of jail time before he began to serve his 48-month sentence, he appears to be entitled to good time credit on approximately twenty four months, or two years, of time actually served. The BOP has determined that petitioner should be entitled to 188 days of good time credit, absent bad behavior. (Resp.'s Mem., Ex. 1.) In view of the statutory maximum award of 54 days of good time credit per year served, see 18 U.S.C. § 3624(b)(1), by any method of calculation, the Court cannot conceive of how an award of 188 days of good time credit deprives petitioner of credit for his first year of time served.

end." Romer v. Evans, 517 U.S. 620, 621 (1996). The law is clear that inmates are not a suspect class. Nicholas, 114 F.3d at 20. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. See 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

The BOP policy is clearly rationally related to a legitimate governmental purpose in that it furthers the goal of creating incentives for exemplary behavior by prisoners who would otherwise be unable to benefit from good time credits if the credits could not be awarded prospectively on the first 365 days served. The policy need not be the most narrowly tailored means of advancing that goal. See Reno v. Flores, 507 U.S. 292, 305 (1993) ("[N]arrow tailoring is required only when fundamental rights are involved."). Rather, rational basis review "demands no more than a 'reasonable fit' between governmental purpose . . . and the means chosen to advance that purpose." Id. To the extent that the BOP policy in question draws distinctions among groups of inmates, those distinctions are, as respondent suggests, "easily explained." (Resp.'s Mem. at 20.) Moreover, petitioner has not demonstrated any way in which he is treated

unequally as a result of the policy. Indeed, as the government explains, the BOP calculates good time credits in the same manner for prisoners sentenced to 366 days or thirteen months and those sentenced to more than thirteen months: both groups of prisoners have their good time credit deducted from the full term date of their sentence, and both are released in advance of the full term date of their sentence based on the prospective awarding of credits earned. Accordingly, petitioner has failed to make out an equal protection claim.

## Conclusion

Petitioner's application pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus is denied. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

DATED:  April 11, 2005
        Brooklyn, New York

s/signed
Carol Bagley Amon
United States District Judge